# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PAUL D. CASEY,                                     )
individually and as administrator of the          )
ESTATE OF PATRICK D. CASEY,                        )
4 Rolling Brook Drive                              )
Clifton Park, NY 10265,                            )
                                                   )
    and                       )
                                                   )
ABIGAIL O. CASEY                                   )
4 Rolling Brook Drive                              )
Clifton Park, NY 10265,                            )
                                                   )
    Plaintiffs.               )
                                                   )
    v.                         )
                                                   )
JASON WARD                                         )
20336 Ashcroft Terrace                             )
Sterling, Virginia 20165,                          )
                                                   )
JUSTIN RUARK                                       ) Civ. No. 1:13-cv-1452
273 Pettit PL                                      )
Louisa, Virginia 23093,                            )
                                                   )
BRIAN GIBLIN,                                      )
                                                   )
MCDONALDS CORPORATION                              )
2111 McDonald's Dr.                                )
Oak Brook, Illinois 60523,                         )
                                                   )
    Serve: McDonald's Corporation   )
      c/o Prentice-Hall Corporation   )
      System, Inc.            )
      2711 Centerville Road Suite 400   )
      Wilmington, DE 19808    )
                                                   )
KYUNG RHEE, d/b/a RHEE'S MCDONALDS                 )
1916 M Street NW                                   )
Washington,  DC 20036,                             )
                                                   )
19TH & K INC, d/b/a OZIO                           )
1813 M Street NW                                   )

Washington, DC 20036,                           )
                                                )
          Serve:  Ozio                          )
                  c/o Professional Reg. Agents Inc.  )
                  2600 Virginia Avenue, N.W.,   )
                  Suite 1112                     )
                  Washington, DC 20037          )
                                                )
R A H OF WASHINGTON, D.C., INC., d/b/a          )
CAMELOT                                         )
1823 M Street NW                                )
Washington, DC 20036,                           )
                                                )
          Serve:  Camelot                       )
                  c/o Professional Reg. Agents Inc.  )
                  2600 Virginia Avenue, N.W.,   )
                  Suite 1112                     )
                  Washington, DC 20037          )
                                                )
                                                )
GOOD LIFE 1831M LLC d/b/a MIGHTY PINT           )
1831 M Street NW                                )
Washington, DC 20009,                           )
                                                )
          Serve:  Mighty Pint                   )
                  c/o Corporation Service Company  )
                  1090 Vermont Ave NW           )
                  Washington, DC 20005          )
                                                )
DC IRISH LLC, d/b/a SIGN OF THE WHALE           )
1825 M Street NW                                )
Washington, DC 20036,                           )
                                                )
          Serve:  Sign of the Whale             )
                  c/o Blumbergexcelsior Corporate  )
                  Services Inc.                 )
                  1100 H St NW                  )
                  Suite 840                     )
                  Washington, DC 20005          )
                                                )
1900 M RESTAURANT ASSOCIATES, INC,              )
d/b/a RUMORS RESTAURANT                         )
1900 M St NW                                    )
Washington DC 20036,                            )
                                                )
          Serve:  Rumors Restaurant             )

c/o JECCA Corporate Services Inc.   )
1225 19th Street NW   )
Suite 320   )
Washington, DC 20036   )
)
JOHN DOES 1-10 (*being the fictitious names of*   )
*persons who are not presently known to Plaintiff),*   )
)
and   )
)
ABC CORPORATIONS 1-10 (*being fictitious*   )
*entities who are not presently known to Plaintiff),*   )
)
Defendants.   )

## COMPLAINT AND JURY DEMAND

Plaintiffs, Paul Casey and Abigail Casey, by their attorneys, allege for their Complaint

herein:

### PRELIMINARY STATEMENT

1.      This case involves the obscene and brutal attack by drunken Defendants Jason

Ward, Justin Ruark, and Brian Giblin resulting in the death of Patrick Casey.  The corporate

Defendants are liable to the Plaintiffs for violating the laws of the District of Columbia by

serving alcohol to the Defendants all of whom were visibly intoxicated at the time of serving;

and for the failure to provide a safe and secure business environment, which resulted in the death

of Patrick Casey.  Patrick Casey was a combat veteran who had recently finished a tour of duty

in Afghanistan.

Plaintiffs, through their undersigned counsel hereby allege the following:

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §

1332 as this matter involves a controversy between citizens of different states, and the matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interests and costs.

3.      Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the District of Columbia. Moreover, the Defendants are found in, reside, or transact business in the District of Columbia.

## PARTIES AND RELEVANT PERSONS

4.      Plaintiff, Paul Casey, Administrator of the Estate of Patrick Casey, is the surviving father of the decedent, Patrick Casey, and is an adult citizen of the State of New York, residing at 4 Rolling Brook Drive, Clifton Park, NY 10265.

5.      At all times material herein, decedent, Patrick Casey, was 33 years old and an adult resident of the District of Columbia, residing at 2301 E Street NW, Apartment 809, Washington, DC 20037.  Patrick Casey was a combat veteran having served in Afghanistan.  In August 2011, Patrick Casey enrolled in a Masters program at the Elliot School of the George Washington University.

6.      Plaintiff, Abigail Casey, is the surviving mother of the descendent, Patrick Casey, and is an individual and an adult citizen of the State of New York, residing at 4 Rolling Brook Drive, Clifton Park, NY 10265.

7.      Upon information and belief, Defendant Jason Ward, at all times relevant herein, was an adult citizen of the Commonwealth of Virginia and caused the tortious injury of Patrick Casey in the District of Columbia by an act or omission in the District of Columbia.

8.      Upon information and belief, Defendant Justin Ruark, at all times relevant herein, was an adult citizen of the Commonwealth of Virginia and caused the tortious injury of Patrick

Casey in the District of Columbia by an act or omission in the District of Columbia.

9.      Upon information and belief, Defendant Brian Giblin, at all times relevant herein, was an adult citizen of the Commonwealth of Virginia and caused the tortious injury of Patrick Casey in the District of Columbia by an act or omission in the District of Columbia..

10.      Upon information and belief, Defendant Kyung Rhee, d/b/a Rhee's McDonald's (hereinafter "M Street McDonald's"), is a Washington, DC based sole proprietorship or other business entity organized and existing under and by virtue of the laws of the District of Columbia, with its principle place of business located at 1916 M Street, NW, Washington, DC 20036.  At all times relevant herein, Defendant M Street McDonald's was the owner and/or operator of the McDonald's restaurant located at 1916 M Street NW, Washington, DC 200036 and carries on substantial business activities within the District of Columbia.  At all times relevant herein, Defendant M Street McDonald's was acting by and through its agents, servants, workers, and employees, all of whom were acting within the course and scope of their employment, for and on behalf of Defendant M Street McDonald's and Defendant McDonald's Corporation.

11.      Defendant McDonalds Corporation (hereinafter "McDonald's Corp.") at all times relevant herein is a Delaware corporation with its principal place of business located at 2111 McDonald's Drive, Oak Brook, IL 60532.  McDonald's Corp. conducts substantial business activities within the District of Columbia.  In addition, at all times relevant herein, Defendant M. Street McDonald's served as the actual agent and/or the apparent agent for McDonald's Corp.

12.      Defendant 19th & K Inc, d/b/a Ozio (hereinafter "Ozio"), is a corporation organized and existing under and by virtue of the laws of the District of Columbia, with its principle place of business located at 1900 M St. NW, Washington, DC 20036.  At all times relevant herein, Defendant Ozio carried on substantial business activities within the District of

5

Columbia.  At all times relevant herein, Defendant Ozio was acting by and through its agents, servants, workers, and employees, all of whom were acting within the course and scope of their employment, for and on behalf of Defendant Ozio.  At all times relevant herein, Defendant Ozio was the owner of a liquor license, purchased with the approval of the Alcoholic Beverage Regulation Administration ("ABRA"), and sold and dispensed alcoholic beverages under regulations imposed by ABRA and Title 25 of the District of Columbia Code.

13.     Defendant R A H of Washington, D.C. Inc, d/b/a Camelot (hereinafter "Camelot"), is a corporation organized and existing under and by virtue of the laws of the District of Columbia, with its principle place of business located at 1823 M Street NW, Washington, DC 20036.  At all times relevant herein, Defendant Camelot carried on substantial business activities within the District of Columbia.  At all times relevant herein, Defendant Camelot was acting by and through its agents, servants, workers, and employees, all of whom were acting within the course and scope of their employment, for and on behalf of Defendant Camelot.  At all times relevant herein, Defendant Camelot was the owner of a liquor license, purchased with the approval of the Alcoholic Beverage Regulation Administration ("ABRA"), and sold and dispensed alcoholic beverages under regulations imposed by ABRA and Title 25 of the District of Columbia Code.

14.     Defendant Good Life 1831M LLC, d/b/a Mighty Pint (hereinafter "Mighty Pint"), is a limited liability company organized and existing under and by virtue of the laws of the District of Columbia, with its principle place of business located at 1831 M Street NW, Washington, DC 20009.  At all times relevant herein, Defendant Mighty Pint carried on substantial business activities within the District of Columbia.  At all times relevant herein, Defendant Mighty Pint was acting by and through its agents, servants, workers, and employees,

all of whom were acting within the course and scope of their employment, for and on behalf of

Defendant Mighty Pint.  At all times relevant herein, Defendant Mighty Pint was the owner of a

liquor license, purchased with the approval of the Alcoholic Beverage Regulation Administration

("ABRA"), and sold and dispensed alcoholic beverages under regulations imposed by ABRA and

Title 25 of the District of Columbia Code.

15.     Defendant DC Irish LLC, d/b/a Sign of the Whale (hereinafter "Sign of the

Whale") is a limited liability company organized and existing under and by virtue of the laws of

the District of Columbia with its principle place of business located at 1825 M Street NW,

Washington, DC 20036.  At all times relevant herein, Defendant Sign of the Whale carried on

substantial business activities within the District of Columbia.  At all times relevant herein,

Defendant Sign of the Whale was acting by and through its agents, servants, workers, and

employees, all of whom were acting within the course and scope of their employment, for and on

behalf of Defendant Sign of the Whale.   At all times relevant herein, Defendant Sign of the

Whale was the owner of a liquor license, purchased with the approval of the Alcoholic Beverage

Regulation Administration ("ABRA"), and sold and dispensed alcoholic beverages under

regulations imposed by ABRA and Title 25 of the District of Columbia Code.

16.     Defendant 1900 M Restaurant Associates, Inc, d/b/a Rumors Restaurant

(hereinafter "Rumors") is a corporation organized and existing under and by virtue of the laws of

the District of Columbia, with its principle place of business located at 1900 M Street NW,

Washington, DC 20036.  At all times relevant herein, Defendant Rumors carried on substantial

business activities within the District of Columbia.  At all times relevant herein, Defendant

Rumors was acting by and through its agents, servants, workers, and employees, all of whom

were acting within the course and scope of their employment, for and on behalf of Rumors.  At

all times relevant herein, Defendant Rumors was the owner of a liquor license, purchased with the approval of the Alcoholic Beverage Regulation Administration ("ABRA"), and sold and dispensed alcoholic beverages under regulations imposed by ABRA and Title 25 of the District of Columbia Code.

17.     Upon information and belief, defendants John Does 1-10 are fictitious names of persons who are not presently known to Plaintiff who may be liable for a portion or all of the damage sustained by Patrick Casey and/or Plaintiffs.

18.     Upon information and belief, defendants ABC Corporations 1-10 are fictitious entities whose names are not presently known to Plaintiff that may be alter egos of Defendants or have caused damage to Patrick Casey and/or Plaintiffs.

19.     Under the law in the District of Columbia, the defendants in this matter are jointly and severally liable to the Plaintiffs for the injuries suffered and sustained by the decedent, Patrick Casey.

20.     The names and last known addresses of all persons who may be entitled by law to recover damages, as well as the relationship to the decedent, Patrick Casey, are as follows:

a.   Paul Casey; Father; 4 Rolling Brook Drive, Clifton Park, NY 10265.

b.   Abigail Casey; Mother; 4 Rolling Brook Drive, Clifton Park, NY 10265.

21.     No action was brought by Patrick Casey during his lifetime for the injuries or damages alleged in this civil action Complaint.

## FACTS COMMON TO ALL COUNTS

**Defendants Jason Ward, Justin Ruark, and Brian Giblin Were "Bar Hopping" and Exceedingly Intoxicated Prior to the Assault and Battery of Patrick Casey**

22.     Plaintiff hereby incorporate by reference all paragraphs above of this Complaint, the same as if set forth at length hereinafter.

8

23.     On the evening of September 22, 2011 and into the early morning hours of September 23, 2011, Defendants Jason Ward, Justin Ruark, and Brian Giblin, were patrons of the following drinking establishments: Ozio (located at 1823 M Street NW, Washington, DC); Camelot (located at 1823 M Street NW, Washington, DC); Mighty Pint (located at 1831 M Street NW, Washington, DC 20009); Sign of the Whale (located at 1825 M Street NW, Washington, DC); and Rumors located at 1900 M St. NW, Washington, DC 20036 (collectively "Defendant Drinking Establishments").  While at the Defendant Drinking Establishments, Defendants Jason Ward, Justin Ruark, and Brian Giblin consumed alcoholic beverages served to them by the Defendant Drinking Establishments' employees, who were acting within the scope of their authority as employees of the Defendant Drinking Establishments.

24.     Each Defendant Drinking Establishment, by and through its agents, servants, workers and employees, served and continued to serve alcoholic beverages to Defendants Jason Ward, Justin Ruark, and Brian Giblin, while they all visibly appeared to be intoxicated, and were in fact intoxicated.

25.     According to an employee of Ozio, Defendants Jason Ward, Justin Ruark, and Brian Giblin were "drunk" when they arrived at Ozio at 1:58AM on September 23, 2011.  The Ozio employee further stated that the "tallest one" of  Defendants Jason Ward, Justin Ruark, and Brian Giblin was "drunk and out of control."  The Ozio employee also commented that one of Defendants (either Jason Ward, Justin Ruark, and Brian Giblin) is "aggressive when [he] is drinking."

26.     In addition, the Ozio employee stated that based on his "observation of their behavior, [Defendants Jason Ward, Justin Ruark, and Brian Giblin] had been drinking and were intoxicated."

27.     According to the Ozio employee, Defendants Jason Ward, Justin Ruark, and Brian Giblin had been "bar-hopping" on the evening of September 22, 2013 and had been to "Camelot, Sign of the Whale, [and] Rumors."  Upon information and belief, Defendants Jason Ward, Justin Ruark, and Brian Giblin had also been at the drinking establishment owned and operated by Defendant Mighty Pint where Defendants Jason Ward, Justin Ruark, and Brian Giblin had also consumed alcoholic beverages while they were visibly intoxicated.

28.     Defendants Brian Giblin and Justin Ruark both admit that they were drinking at several bars in the M Street area with Defendant Jason Ward.

29.     By serving alcohol to Defendants Jason Ward, Justin Ruark, and Brian Giblin when they were intoxicated and appeared to be intoxicated, Defendant Drinking Establishments (Ozio, Camelot, Mighty Pint, Sign of the Whale, and Rumors) violated the law of the District of Columbia.

**Defendants' Assault and Battery of Mr. Casey at McDonald's**

30.     Defendants Jason Ward, Justin Ruark, and Brian Giblin arrived at the McDonald's restaurant owned and operated by Defendant M Street McDonald's, and located at 1916 M St NW, Washington, DC at approximately 2:21 am on September 23, 2013.

31.     While waiting in line to order food at the McDonald's restaurant, Defendants Jason Ward, Justin Ruark, and Brian Giblin were engaging in rowdy behavior, both verbally and physically.  Other patrons waiting in line consciously kept a safe distance from Defendants Jason Ward, Justin Ruark, and Brian Giblin.

32.     At approximately 2:26 am, while still waiting in line, Defendant Jason Ward attempted to touch a female patron in an inappropriate and unwelcoming manner.

33.     Decedent Patrick Casey arrived at Defendant M Street McDonald's restaurant

located at 1916 M St NW, Washington, D.C. at approximately 2:23 am on September 23, 2013 to

meet his friends David Lindsey and Claire Jun who were already at the restaurant.  Mr. Casey

located his friends immediately upon arriving and interacted only with Mr. Lindsey and Ms. Jun

while they waited for their food.  After receiving their food, Mr. Casey, Mr. Lindsey, and Ms. Jun

ate their meals, while conversing only with the couple at the table next to them.

34.     At approximately 2:41 am, while at the McDonald's restaurant and without any

provocation, Defendants Jason Ward, Justin Ruark, and Brian Giblin initiated a verbal altercation

with Patrick Casey.  All three Defendants remained exceedingly intoxicated prior to, and during

this altercation.

35.     During the verbal altercation, Mr. Lindsey attempted to leave the restaurant in an

effort to flee the encounter with Defendants Ward, Ruark, and Giblin.  Pushing Mr. Casey aside,

Defendant Brian Giblin quickly chased Mr. Lindsey to the door of the restaurant.  At the door of

the McDonald's restaurant, Defendant Brian Giblin then pushed Mr. Lindsey.  At this time,

Patrick Casey stepped in between Defendant Giblin and Mr. Lindsey to defuse the situation.

36.     While Patrick Casey attempted to defuse the situation, and without any

provocation by Mr. Casey or Mr. Lindsey, Defendant Jason Ward violently attacked Mr. Casey

by delivering a "sucker punch" to his head, causing Patrick Casey to fall to the ground in a state

of extreme and profound anguish.  Mr. Casey's head then struck the concrete sidewalk just

outside the McDonald's restaurant.

37.     The impact of the "sucker punch" by Defendant Jason Ward to Patrick Casey

caused him to sustain severe head trauma, brain hemorrhaging, and unimaginable pain.

38.     Upon information and belief, Defendant Jason Ward, was/is a bodybuilder and a

practitioner of the deadly martial art, Krav Maga.  Defendant Jason Ward was trained and skilled

to deliver a deadly physical strike and did so purposefully to the unaware, Patrick Casey.

39.     Throughout their time at McDonald's, the verbal altercation and brutal attack of Mr. Casey, Defendants Jason Ward, Justin Ruark, and Brian Giblin were in an exceedingly inebriated condition.

40.     After violently assaulting Patrick Casey, Defendants Jason Ward, Justin Ruark, and Brian Giblin fled the scene, leaving Patrick Casey in an unconscious state lying on the sidewalk.

41.     After Mr. Casey was brutally assaulted, 911 was alerted and EMTs arrived.

42.     At the scene, EMTs found Mr. Casey in an unconscious state and transported Mr. Casey to the George Washington University Hospital, where he was admitted in critical condition, suffering from brain damage.

43.     At the George Washington University Hospital, medical personnel placed Patrick Casey into an induced coma and on life sustaining machines.  The medical personnel drilled a hole in Mr. Casey's skull to relieve pressure on his brain as a result of the swelling from the head trauma sustained by Mr. Casey.

44.     Despite the efforts of medical personnel, Patrick Casey was pronounced dead at 2:30 pm on September 27, 2011.  The autopsy report concluded that Mr. Casey's cause of death was the blunt impact injuries to Mr. Casey's head.

45.     In the hours and days following Patrick Casey's tragic death, Patrick Casey's death was heavily covered by local and regional media.

46.     Despite Defendants Jason Ward, Justin Ruark, and Brian Giblin's undeniable knowledge that they beat Patrick Casey to death and that they were wanted by police, Defendants continued to evade the police and failed to take any responsibility for their actions.  The

Defendants spoke to the police one week after killing Patrick Casey, only after they were alerted that the police had identified them as the individuals who attacked Patrick Casey.

47.     Defendants Ruark and Giblin admitted that they had been to several bars that night drinking just prior to the attack on Patrick Casey.

48.     Defendants Ruark and Giblin further stated that Defendant Ward admitted to punching Patrick Casey in the head, thereby delivering the deadly blow to Mr. Casey.

49.     As a direct result of the conduct of all Defendants, Patrick Casey sustained conscious pain and suffering and fear of impending death, serious and debilitating injuries to his head, severe brain trauma, and blunt force trauma to his head that directly resulted in his death; despair, despondency, anxiety, mental and emotional pain and suffering prior to his death; great physical pain, suffering and the loss of life's pleasures, past, present, and future; loss of earnings and wages and loss of earnings capacity, past, present and future; and hospital, medical and rehabilitation expenses, including medical equipment, supplies and other medical care and treatment before Mr. Casey's death.

## COUNT I
## WRONGFUL DEATH
### (Defendants Jason Ward, Justin Ruark, and Brian Giblin)

50.     The Plaintiffs realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

51.     Plaintiffs bring this action in their own right and on behalf of the wrongful death beneficiaries of Decedent, Patrick Casey, pursuant to D.C. Code § 16-2701.

52.     Defendants Jason Ward, Justin Ruark, and Brian Giblin violently attacked and assaulted the defenseless and unsuspecting, Decedent, Patrick Casey, by first pushing Mr. Casey and then delivering a "sucker punch" to Mr. Casey, thereby violating the law of the District of

Columbia, by intending to cause a harmful or offensive contact with Patrick Casey, while also placing Mr. Casey in an imminent apprehension of such a contact, and by contacting Mr. Casey in harmful manner resulting in physical pain and the physical impairment of his body.

53.     Defendants Jason Ward, Justin Ruark, and Brian Giblin intended to cause a harmful contact with the body of Decedent, Patrick Casey, which directly resulted in harmful contact with Decedent's body and his untimely death.

54.     Defendants Jason Ward, Justin Ruark, and Brian Giblin owed a duty to Decedent to exercise due care. Defendants Jason Ward, Justin Ruark, and Brian Giblin breached that duty when they pushed and punched Patrick Casey who was defenseless and unsuspecting of the attack.

55.     Defendants Jason Ward, Justin Ruark, and Brian Giblin acted carelessly and negligently, with excessive and unreasonable force, and without due care for the reasons articulated in this Complaint.

56.     Defendants Jason Ward, Justin Ruark, and Brian Giblin were careless, negligent, willful, wanton, and reckless, and breached their duty to exercise due care generally and in the following specific respects and without limitation:

    a.   Imbibing alcohol to the point at which they were exceedingly inebriated;

    b.   Initiating a verbal altercation with Patrick Casey;

    c.   Initiating a verbal altercation with David Lindsey;

    d.   Assaulting Patrick Casey;

    e.   Utilizing excessive force upon Patrick Casey;

    f.   Failing to cease physically assaulting Patrick Casey;

    g.   Striking Patrick Casey with fists;

    h.   Failing to attempt to retreat from any perceived threat;

    i.    Failing to use appropriate, proportionate, and/or reasonable force;

    j.    Misunderstanding the situation and erroneously perceiving a threat of serious bodily harm;

    k.    Striking Patrick Casey when force was neither required nor permitted;

    l.    Striking Patrick Casey with a closed fist in the head when he was not looking or suspecting the strike;

    m.    Assaulting Patrick Casey while intoxicated;

    n.    Assaulting a person who was not the aggressor;

    o.    Failing to attempt to flee the scene before inflicting excessive force;

    p.    Acting unreasonably throughout the altercation

    q.    Failing to exercise reasonable care;

    r.    Failing to await the arrival of police at the scene of the physical altercation;

    s.    Evading police apprehension;

    t.    Failing to timely turn themselves in to the police;

    u.    Leaving the scene of a crime;

    v.    Acting negligently per se by violating D.C. Code § 25-1001(c) by endangering the safety of another person while intoxicated (a statute that has a public safety purpose and seeks to protect against the injury suffered by Patrick Casey); and,

    w.    Causing the death of Patrick Casey.

57.    As a direct and proximate result of the aforementioned negligence, recklessness, and/or intentional conduct of Defendants Jason Ward, Justin Ruark, and Brian Giblin, Patrick Casey suffered serious and debilitating injuries to his head, severe brain trauma, and blunt force trauma to his head that resulted in his death.

58.    As a direct and proximate result of the foregoing, Decedent's wrongful death beneficiaries have been caused to incur various funeral, burial, estate administration expenses, and various other expenses related to Patrick Casey's death for which Plaintiffs are entitled to

compensation in these proceedings.

59.     As a direct and proximate result of the foregoing, Decedent's wrongful death beneficiaries have been, continue to be, and will in the future wrongfully deprived of Patrick Casey's companionship, guidance, and services.

60.     As a direct and proximate result of Defendants' negligence as set forth above, Patrick Casey's wrongful death beneficiaries suffered, are suffering, and will suffer damages for an indefinite period of time in the future, including, but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the contribution they would have received from Decedent, including monies which he would have provided for items such as clothing, food, shelter, medical care, education, entertainment, recreation and gifts.

61.     WHEREFORE, Plaintiffs demand judgment against these Defendants, jointly and severally and/or separately, for general and special damages, as well as punitive damages pursuant to D.C. Code § 16-2701.

## <u>COUNT II</u>
## **WRONGFUL DEATH**
### **(Defendants Ozio, Camelot, Mighty Pint, Sign of the Whale, and Rumors)**

62.     The Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

63.     Plaintiffs bring this action in their own right and on behalf of the wrongful death beneficiaries of Decedent, Patrick Casey, pursuant to D.C. Code § 16-2701.

64.     Defendant Drinking Establishments (Ozio, Camelot, Mighty Pint, Sign of the Whale, and Rumors), by and through the acts and omissions of its agents, servants, workers and employees, in serving alcoholic beverages to the visibly intoxicated Defendants Jason Ward, Justin Ruark, and Brian Giblin, in the course and scope of their employment, violated the statutes

of the District of Columbia and were careless, negligent, willful, wanton, and reckless in

numerous respects including, without limitation:

    a.  Selling and continuing to sell and serve alcoholic beverages to Defendants Jason Ward, Justin Ruark, and Brian Giblin, when they were visibly intoxicated;

    b.  Failing to detect that Defendants Jason Ward, Justin Ruark, and Brian Giblin were in a visibly intoxicated and exceedingly inebriated condition as a result of its continual serving of alcoholic beverage to them;

    c.  Selling and continuing to sell and serve alcoholic beverage to Defendants Jason Ward, Justin Ruark, and Brian Giblin, when Defendant Drinking Establishments knew or had reason to know that imbibing of multiple alcoholic beverages by an individual constitutes a risk of harm and renders him dangerous to himself and others by virtue of being in an intoxicated condition.

    d.  Acting negligently per se by violating the statutes and laws of the District of Columbia, including, but not limited to, D.C. Code § 25-781which prohibits the "consumption of an alcoholic beverage by…(2) an intoxicated person, or any person who appears to be intoxicated; or (3) a person of notoriously intemperate habits";

    e.  Acting negligently per se by failing to establish, monitor, and/or administer procedures "prevent patrons from becoming intoxicated" as required by D.C.M.R. § 25-402, 25-403 (a regulation that has a public safety purpose and seeks to protect against the injury suffered by Patrick Casey);

    f.  Having a policy and practice of continuing to serve persons without adequately checking to see whether the person was in fact intoxicated or, exhibited signs of visible intoxication;

    g.  Failing to have and enforce policies and practices, which include a drink cut-off limit for alcoholic beverages;

    h.  Failing to have and enforce policies and practices which include a time limit so that Defendant Drinking Establishments' alcohol service personnel and managers would not sell alcohol and/or serve alcohol after patrons had been drinking alcohol for a defined period of time;

    i.  Having policies and practices to encourage patrons to continue drinking alcohol after they became visibly intoxicated;

    j.  Allowing Defendants Jason Ward, Justin Ruark, and Brian Giblin to exit Defendant Drinking Establishments facility after they became both intoxicated and visibly intoxicated which posed an unreasonable risk to the three Defendants themselves and to third persons they encountered;

    k.   Failing to have a policy or practice of helping intoxicated and visibly intoxicated person sober up before exiting their facility;

    l.   Failing to have a policy or practice of helping intoxicated and visibly intoxicated persons reach their homes in safety by providing or facilitating direct transportation or by other means;

    m.  Tacitly approving alcohol service personnel and other employees violating the District of Columbia Code by selling and serving alcohol to patrons until they became intoxicated and continuing thereafter to serve them alcohol while visibly intoxicated;

    n.   Failing to have or enforce any policy or practice of disciplinary standards for their employees regarding the sale of alcoholic beverages; and

    o.   Failing to have or enforce any policy or practice of proactively and effectively monitoring its employees engaged in the serving of alcoholic beverages,

65.    As a direct and proximate result of the carelessness and negligence and/or intentional conduct of Defendant Drinking Establishments, Patrick Casey suffered serious and debilitating injuries to his head, severe brain trauma, and blunt force trauma to his head that resulted in his death.

66.    As a direct and proximate result of the foregoing, Decedent's wrongful death beneficiaries have been caused to incur various funeral, burial, estate administration expenses, and various other expenses related to Patrick Casey's death for which Plaintiffs are entitled to compensation in these proceedings.

67.    As a direct and proximate result of the foregoing, Decedent's wrongful death beneficiaries have been, continue to be, and will in the future wrongfully deprived of Patrick Casey's companionship, guidance, and services.

68.    As a direct and proximate result of Defendant Drinking Establishments' negligence as set forth above, Patrick Casey's wrongful death beneficiaries suffered, are suffering, and will suffer damages for an indefinite period of time in the future, including, but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the

contribution they would have received from Decedent, including monies which he would have provided for items such as clothing, food, shelter, medical care, education, entertainment, recreation and gifts.

69.     WHEREFORE, Plaintiffs demand judgment against these Defendants, jointly and severally and/or separately, for general and special damages, as well as punitive damages pursuant to D.C. Code § 16-2701.

## COUNT III
### WRONGFUL DEATH
**(Defendants McDonald's Corp and M Street McDonald's)**

70.     The Plaintiffs realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

71.     Plaintiffs bring this action in their own right and on behalf of the wrongful death beneficiaries of Decedent, Patrick Casey, pursuant to D.C. Code § 16-2701.

72.     Defendants McDonald's Corp and M Street McDonald's (collectively "McDonald's"), by and through the acts and omissions of its agents, servants, workers, and employees, whom were acting in the course and scope of their employment, were careless, negligent, willful, wanton and reckless for breaching its duty to protect its patrons from the criminal acts of third parties.

73.     McDonald's had a duty to protect its patrons from physical assaults because it was highly foreseeable that physical assaults would occur at the restaurant located at 1916 M Street NW, Washington, DC during the late evening and early morning hours.  In particular, McDonald's intentionally keeps the restaurant located at 1916 M Street NW, Washington, DC opened for 24 hours on Thursday, Friday, and Saturday to serve customers who have been drinking alcoholic beverages at the many drinking establishments in the immediate vicinity of

the restaurant.   Because it is foreseeable that intoxicated persons will act unreasonably and

belligerently, the laws of the District of Columbia requires nightclubs to have a security plan that

specifically addresses "(A) Conflict resolution training; (B) Procedures for handling violent

incidents, other emergencies, and calling the Metropolitan Police Department..."  Given the

numerous assaults that occurred in the immediate vicinity of the McDonald's restaurant (and

within the restaurant itself) in the late evening and early morning hours, coupled with the fact

that McDonald's specifically and intentionally caters to customers who are intoxicated, it was

highly foreseeable that a patron in the McDonald's restaurant owned by the Defendant M Street

McDonald's would be the victim of a physical assault.

74.     McDonald's had notice that failure to provide security or properly train its

employees in providing a safe environment for its patrons would foreseeably result in physical

assaults at its Restaurants and injuries to its customers.

75.     At all times relevant herein, the McDonald's had a duty to use reasonable care to

protect its customers against assaults and/or provide security within its restaurant and within its

chief path of egress.

76.     Defendants McDonald's breached its duty to protect Patrick Casey from being

assaulted while dining in the McDonald's restaurant located at 1916 M Street in numerous

respects including, without limitation:

    a.   Failing to provide its employees with conflict resolution training;

    b.   Failing to have any procedures in place for handling violent incidents, and/or other emergencies;

    c.   Failing to have any security personnel present at the restaurant;

    d.   Failing to have security procedures in place;

    e.   Endangering the patrons at the restaurant by allowing Defendants Ward, Justin Ruark, and Brian Giblin to enter the restaurant when they were visibly intoxicated

and acting belligerently;

f.   Failing to have a policy or practice to remove visibly intoxicated and/or belligerent patrons from the restaurant;

g.   Failing to call the Metropolitan Police Department when Defendant Jason Ward attempted to touch the female patron in an inappropriate manner;

h.   Failing to call the Metropolitan Police Department when Defendants Ward, Justin Ruark, and Brian Giblin initiated the verbal altercation with Patrick Casey;

i.   Failing to call the Metropolitan Police Department when Defendant Giblin followed David Lindsey from the restaurant and then pushed Mr. Lindsey;

j.   Failing to call the Metropolitan Police Department leading up to and during the time Defendant Jason Ward "sucker punched" Patrick Casey;

k.   Failing to have security cameras covering the front door and the entrance of the restaurant;

l.   Failing to provide adequate security for its patrons against assaults;

m.   Failing to provide adequate lighting in front of the restaurant;

n.   Failing to take adopt security measures where McDonald's had knowledge of prior criminal acts and/or assaults within the restaurant;

o.   Failing to take adopt security measures where McDonald's had knowledge of prior criminal acts and/or assaults in the neighborhood of the restaurant;

p.   Failing to take any actions to defuse the altercation initiated by Defendants Defendants Jason Ward, Justin Ruark, and Brian Giblin;

q.   Failing to call 911 after Patrick Casey had been injured on McDonald's' premises;

r.   Failing to provide medical assistance after Patrick Casey had been injured on McDonald's' premises; and

s.   Failing to take any actions to prevent Defendant Jason Ward from "sucker punching" Patrick Casey, which directly and proximately caused the death of Patrick Casey.

77.   M Street McDonald's served as the actual and/or apparent agent for McDonald's

Corp. because McDonald's Corp. represented to the public that the McDonald's restaurant

located at 1916 M Street NW, Washington, DC was owned and operated by McDonald's Corp.,

third parties (including Mr. Casey), relied upon such representations, and Mr. Casey and his family suffered damage as a result of McDonald's actions and omissions.  As the principal, McDonald's Corp. is vicariously liable for the actions and omissions of its agent, M Street McDonald's.

78.     McDonald's Corp. had a duty to use reasonable care in training and supervising the owners, managers, and employees of its franchise restaurants.  McDonald's Corp. breached the duties owed by acting negligently in the following ways: (1) failing to supervise the security procedures in place at the M Street McDonald's; (2) failing to properly train the owners and managers in regards to proper security practices; and (3) failing to require the implementation of security practices to protect against assaults and other physical harm.  Such failure to train and supervise amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the employees at the M Street McDonald's to act or fail to act in a manner which proximately and directly caused injuries to Patrick Casey.

79.     As a direct and proximate result of the carelessness and negligence and/or intentional conduct of Defendant McDonald's, Patrick Casey suffered serious and debilitating injuries to his head, severe brain trauma, and blunt force trauma to his head that resulted in his death.

80.     As a direct and proximate result of the foregoing, Decedent's wrongful death beneficiaries have been caused to incur various funeral, burial, estate administration expenses, and various other expenses related to Patrick Casey's death for which Plaintiffs are entitled to compensation in these proceedings.

81.     As a direct and proximate result of the foregoing, Decedent's wrongful death beneficiaries have been, continue to be, and will in the future be wrongfully deprived of Patrick

Casey's companionships, guidance, and services.

82.     As a direct and proximate result of McDonald's  negligence as set forth above, Patrick Casey's wrongful death beneficiaries suffered, are suffering, and will suffer damages for an indefinite period of time in the future, including, but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the contribution they would have received from Decedent, including monies which he would have provided for items such as clothing, food, shelter, medical care, education, entertainment, recreation and gifts.

WHEREFORE, Plaintiffs demand judgment against these Defendants, jointly and severally and/or separately, for general and special damages, as well as punitive damages pursuant to D.C. Code § 16-2701.

## COUNT IV
## SURVIVAL
### (All Defendants)

83.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein, and further allege that this claim arises under the District of Columbia Survival Statute, D.C. Code § 12-101.

84.     The carelessness, negligence, and recklessness of the Defendants' conduct as well as the intentional actions of assault, and battery committed by Defendants Jason Ward, Justin Ruark, and Brian Giblin consist of those acts and omissions set forth in paragraphs 50-61, each of which are incorporated here in this Count against Defendants Jason Ward, Justin Ruark, and Brian Giblin the same as if fully set herein.

85.     The carelessness, negligence, and recklessness of Defendant Drinking Establishments consist of those acts and omissions set for in paragraph 62-69, each of which are incorporated here in this Count against Defendant Drinking Establishments the same as if fully set herein.

23

86.     The carelessness, negligence, and recklessness of Defendants McDonald's consist of those acts and omissions set for in paragraph 70-82, each of which are incorporated here in this Count against Defendants McDonalds the same as if fully set herein.

87.     As a direct and proximate result of the carelessness, negligence, recklessness, and/or intentional torts of all Defendants as aforementioned, Plaintiff's Decedent, Patrick Casey, suffered considerable pain and suffering prior to his death.

88.     As a direct and proximate result of the carelessness, negligence, recklessness, and/or intentional torts of all Defendants as aforementioned, Plaintiff's Decedent, Patrick Casey, suffered considerable mental anguish, fear, and emotional distress prior to his death.

89.     As a direct and proximate result of the carelessness, negligence, recklessness, and/or intentional torts of all Defendants as aforementioned, Plaintiff's Decedent, Patrick Casey, suffered a loss wages, both past and future, as well as other noneconomic damages recoverable under the applicable District of Columbia law.

90.     As a direct and proximate result of the carelessness, negligence, recklessness, and/or intentional torts of all Defendants as aforementioned, Plaintiff's Decedent, Patrick Casey, suffered serious and debilitating injuries to his head, severe brain trauma, and blunt force trauma to his head and neck that resulted in his death.

91.     WHEREFORE, Plaintiffs demand judgment against these Defendants, jointly and severally and/or separately, for general and special damages, as well as punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief in the form of a judgment against all Defendants, jointly and severally, for compensatory and punitive damages, pre and post judgment interest and costs, and attorney's fees.

## JURY AND TRIAL DEMAND

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

___/s/ Brendan Klaproth_____
Brendan Klaproth (D.C. Bar No. 999360)
Basyuk & Klaproth LLP
1725 I Street NW
Suite 300
Washington, DC 20006
Tel:  202-618-2344
Fax:  202-618-4636
Email: Bklaproth@bklawllp.com
*Attorney for Plaintiff Abigail Casey*

Stephen R. Pickard
Law Offices of Stephen R. Pickard, P.C.
115 Oronoco Street
Alexandria, Virginia 22314
Tel: 703-836-3505
Fax: 703-836-3558
Srpickard@aol.com
*Attorney for Plaintiff Paul Casey*